57 CCPA
### Application of Andrew W. VISNANSKY.
### Patent Appeal No. 8276.

United States Court of Customs and Patent Appeals.

April 9, 1970.

Jeffers & Young, Fort Wayne, Ind., attorneys of record, for appellant. John A. Young, Albert Lavern Jeffers, Fort Wayne, Ind., of counsel.

Joseph Schimmel, Washington, D. C., for the Commissioner of Patents. Fred W. Sherling, Washington, D. C., of counsel.

Before RICH, Acting Chief Judge, ALMOND, BALDWIN and LANE, Judges, and FORD, Judge, United States Customs Court, sitting by designation.

BALDWIN, Judge.

Andrew W. Visnansky appeals from the decision of the Patent Office Board of Appeals which affirmed the rejection of the claims in his application[1] under 35 U.S.C. § 103 as being obvious over Nargi.[2]

1. Serial No. 399,173, filed September 25, 1964, entitled "Apparatus for Anti-Skid Device."

2. U.S. Patent 1,953,495, issued April 3, 1934.

Claim 6 on appeal, we believe, adequately defines the subject matter sought to be protected. It recites:

6. A traction device for vehicle tires comprising two annular side chains disposed one at each side of the vehicle tire and located against the sidewalls thereof, a plurality of regularly spaced circumferentially disposed members each comprising a cross-chain member having links at the opposite ends thereof secured respectively one to each of said side chains and including a molded resilient block which imbeds the links of said members in their extended position and joins said links together, said flexible molded block serving to enclose the links of said cross members and providing riding surfaces between the tire and the ground, and forming a ground-engaging anti-skid drive connection between the ground and the vehicle.

Figures 1 and 2 of appellant's specification drawing are here reproduced for illustration:

[A1588]

*Fig. 1.*

[A1587]

*Fig. 2.*

The examiner and board considered the claims to define no more than an obvious modification, if they did not, in fact, "read on" the structure disclosed by the reference. Corresponding figures 1 and 2 of the Nargi patent are also reproduced for comparison purposes:

[A1590]

[A1589]

Considering the readily apparent difference between the two devices as shown and noting the language of the claims, the board stated:

We are in full agreement with the Examiner that the term "enclose" is generic to a partial and complete enclosure and that the same applies to

the term "imbed." This position is supported by the Nargi patent which in lines 60 and 61 of page 1 of the specification, states that:

> " * * * A portion of the links 10 are inclosed or embedded in a strip 12 * * *."

Furthermore, we are inclined also to agree with the Examiner in that the degree to which Nargi's links 10 are imbedded in the rubber blocks is optional. The amount of traction desired, as well as the absence of noise, are obviously functions of the degree to which the traction links are imbedded in the rubber blocks. The amount of damage done to a highway by the cross links of a traction chain obviously depends on the amount exposed from the rubber blocks. * * *

Appellant argues that the board's comment on the degree to which Nargi's links are imbedded as an "unproven and unacceptable" use of opinion as a substitute for evidence. Pointing out that there *is* a difference between his device as claimed and the prior art, i. e., the cross-chain links in his device "are totally enclosed within the flexible molded blocks", appellant argues that this difference may not be held obvious by the unsupported opinion evidence of the board. We are also asked to consider that the rubber and the metal in appellant's device co-function in an improved manner and that the problem which the claimed invention solves has been a "long-standing and persistent one."

We have looked at the record and the position of the Patent Office with appellant's arguments and comments in mind and have thoroughly considered appellant's position in light of the record and the cases cited by the parties. We note only that appellant has provided us with nothing more than argument in support of the positions he has taken, and we are not convinced that the Board of Appeals was in error in concluding that the claimed invention is obvious within the meaning contemplated by 35 U.S.C. § 103. The decision is affirmed.

Affirmed.